UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILLIAN LIOY,<br><br>        Plaintiff,<br><br>v.<br><br>ABSOLUTE RESOLUTIONS CORPORATION,<br><br>        Defendant. | CIVIL ACTION NO.:_____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff, Jillian Lioy ("Plaintiff"), by counsel, and hereby files her Complaint ("Complaint") against Defendant Absolute Resolutions Corporation ("Defendant") as follows:

## INTRODUCTION

1. This is an action for actual, statutory, and punitive damages, attorneys' fees, and costs, brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA") and the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Plaintiff is a consumer and entitled to the protections afforded by the FCRA and FDCPA.

3. Defendant is a furnisher of information as that term is defined or used by the FCRA. Defendant is also a debt collector as defined by the FDCPA.

4. As set forth below, Defendant sought to collect a consumer debt from Plaintiff beginning with account number 4975xxxx in the amount of $12,230.00 with an original creditor of Navy Federal Credit Union (the "Account"). Defendant reported the Account to the credit

bureaus – Experian, TransUnion, and Equifax (collectively the "CRAs") – under Plaintiff's name and to be included on her credit reports.

5. Defendant then failed to conduct reasonable investigations of Plaintiff's credit reporting disputes with the CRAs and verified to one or more of the CRAs that the Account was accurate and that Plaintiff still owed the debt.

6. This was false and inaccurate because Plaintiff had previously paid the debt in full and did not owe it.

7. Defendant's actions, or inactions, violated the FCRA and the FDCPA.

8. As set forth below, Plaintiff suffered concrete harm because of Defendants' violations of the FCRA and FDCPA.

**PARTIES, JURISDICTION, AND VENUE**

9. At all times material to this action, Plaintiff was a resident of Pennsylvania and this District.

10. At all times material to this action, Defendant was a foreign business entity with a principal place of business in the State of Minnesota. Defendant is registered to do business in this District and does business in this District.

11. Defendant may be served with a copy of this Complaint and accompanying summons through its registered agent for service, to wit: URS Agents LLC, 125 Locust Street, Harrisburg, PA 17101.

12. The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

13. Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2).

14. Defendant is subject to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

15. Plaintiff previously had an account with Navy Federal Credit Union ("Navy Federal"). Plaintiff paid the Navy Federal account in full.

16. Navy Federal thereafter sold or assigned the fully paid Navy Federal account to Defendant for collection. Defendant reported its Account (formerly the Navy Federal account) to the CRAs to be included on Plaintiff's credit files with the CRAs. Defendant's reports to the CRAs was inaccurate because Plaintiff had paid the Account and did not owe it.

17. Within the two years preceding the filing of this Complaint, when Plaintiff learned that Defendant was reporting the Account on her credit reports, she made disputes with the CRAs and advised the CRAs that the Account was inaccurate because she had already paid it.

18. Upon information and belief, the CRAs conveyed Plaintiff's disputes to Defendant and Defendant received such disputes from the CRAs. Defendant did not direct the CRAs to delete the Account from Plaintiff's credit files as a result of Plaintiff's disputes with the CRAs that were conveyed to Defendant. Defendant instead advised one or more of the CRAs that the Account was accurate and that Plaintiff still owed the balance notwithstanding that she had already paid it. Defendant's investigations of such disputes were unreasonable.

19. Defendant violated the FCRA in its handling of Plaintiff's disputes made through the CRAs.

20. Defendant violated the FDCPA by seeking to collect the Account from Plaintiff when she did not owe it and misrepresenting the amount of the debt.

21.     As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of harm to her personal and credit reputation from Defendant's reporting of the Account; harm to her credit score attributable to the Account; emotional distress from knowing that a debt collector was pursuing her for a debt she did not owe; humiliation from being turned over to a debt collector for a debt she did not owe; anger at being accused of owing a debt she did not owe; embarrassment for being pursued by a debt collector, including associated credit reporting, for a debt she did not owe; stress from having an inaccurate credit report; and the time and effort to review her credit reports and make disputes concerning the Account.

22.     Defendant's conduct was willful, reckless, and grossly negligent.

## COUNT ONE:
### Defendant's Violation of the FCRA

23.     At all times relevant hereto, Defendant was a "person" as that term is defined by 15 U.S.C. § 1681a(b).

24.     At all times relevant hereto, Defendant was a "furnisher" as that term is used in 15 U.S.C. § 1681s-2(b).

25.     Defendant violated Sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

26.     Defendant did not undertake reasonable investigations of Plaintiff's disputes with the CRAs concerning the Account and did not consider all relevant information provided with such disputes.

27.     Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the damages and harm to Plaintiff described in Paragraph 21 above and, as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual, and

punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

## COUNT TWO:
### Defendant's Violations of the FDCPA

28. At all times relevant hereto, Defendant was a debt collector under the FDCPA.

29. At all times relevant hereto, Plaintiff was a consumer under the FDCPA.

30. Defendant violated the FDCPA by seeking to collect a debt from Plaintiff that she did not owe and misrepresenting the amount of the debt in violation of Section 1692(e) of the FDCPA.

31. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the damages and harm to Plaintiff described in Paragraph 21 above and, as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory and actual damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

### TRIAL BY JURY IS DEMANDED.

Plaintiff requests a jury trial on all claims.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the judgment be entered in her favor and against Defendants for her actual damages, punitive damages, statutory damages, attorneys' fees and costs, and all other relief deemed just, equitable, and proper by the Court.

Dated: February 4, 2026.                          Respectfully submitted,

                                                  */s/ Max S. Morgan*
                                                  Max S. Morgan, Esquire
                                                  PA Bar No. 316096
                                                  **THE WEITZ FIRM, LLC**
                                                  1515 Market Street, #1100
                                                  Philadelphia, PA 19102
                                                  Tel: (267) 587-6240

Fax: (215) 689-0875
max.morgan@theweitzfirm.com

John A. Love*
**LOVE CONSUMER LAW**
2500 Northwinds Parkway, Suite 330
Alpharetta, GA 30009
Telephone: (404) 855-3600
tlove@loveconsumerlaw.com

**Pro hac vice* application to be filed

*Counsel for Plaintiff*